IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NORIES EVETTE MENDOZA,** | § | |
| Plaintiff, | § | CA No. _____ |
| | § | |
| v. | § | |
| | § | JURY DEMANDED |
| **CELLCO PARTNERSHIP** | § | |
| **D/B/A VERIZON WIRELESS,** | § | |
| **VERIZON WIRELESS SERVICES,** | § | |
| **LLC, and VERIZON WIRELESS** | § | |
| **TEXAS, LLC,** | § | |
| Defendants. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

## 1. PRELIMINARY STATEMENT

1.1.    Plaintiff demands a jury for any and all issues triable to a jury.  This action seeks

compensatory and actual/economic damages; and costs and attorneys' fees for the claims

suffered by Plaintiff, NORIES EVETTE MENDOZA**,** due to CELLCO PARTNERSHIP

D/B/A VERIZON WIRELESS, VERIZON WIRELESS TEXAS, LLC, and VERIZON

WIRELESS SERVICES, LLC (referred to herein as "Defendants" or "VERIZON") taking

adverse employment actions against her ultimately resulting in the wrongful termination

of her employment as explained herein.

1.2    This action arises under the Americans with Disabilities Act of 1990, as amended, 42

U.S.C. Section 12112 and/or Americans with Disabilities Amendments Act of 2008 (ADA,

ADAAA), the Texas Commission on Human Rights Act (TCHRA) (Chapter 21 of the

Texas Labor Code, and the Family Medical Leave Act (FMLA).

## 2.  <u>JURISDICTION</u>

2.1.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question) since Plaintiff is bringing this claim, in part, pursuant to the ADA/ADAAA and FMLA.

2.2.    The Court has personal jurisdiction over Defendants since Defendants have offices and agents in the Southern District of Texas and does business in Texas.  The Court has pendant jurisdiction over claims brought under State law or the common law of the State of Texas.

## 3.  <u>VENUE</u>

3.1.    Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4.  <u>PARTIES</u>

4.1.    Plaintiff is a former employee of Defendant and resides in Conroe, Montgomery County, Texas.

4.2.    Defendants are employers qualified to do business in Texas and employ more than 50 regular employees.

4.3.    Defendant VERIZON WIRELESS SERVICES, LLC can be served by serving its registered agent, CT Corporation Systems, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.4.    Defendants VERIZON WIRELESS TEXAS LLC and CELLCO PARTNERSHIP d/b/a VERIZON WIRLESS can be served by serving their registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## 5.   **STATEMENT OF FACTS**

5.1   Plaintiff worked for Defendants for over five (5) years.  She was an Assistant Manager at the time of her termination.

5.2   Defendants terminated Plaintiff on March 1, 2021, after she notified Defendants in February 2020, that she suffers from a mental health disability/serious medical conditions and would need reasonable accommodations in the form of a leave of absence, working remotely, and reassignment.

5.3   Plaintiff took FMLA leave and less than one month after she returned from FMLA leave she was terminated.

5.4   Plaintiff suffers from bi-polar disorder, anxiety, PTSD and depression.  At or near the time of her termination, she was under doctor's care and was taking prescription medications to help treat her disability. Her conditions affected major life activities including but not limited to sleeping, working, driving and decision making.

5.5   Plaintiff requested reasonable accommodations and FMLA leave to be off work for three months to receive treatment for conditions related to her disability.  Plaintiff provided medical documentation listing her serious medical conditions and the reasons for her need for accommodations.  She also notified Defendants that she would be able to return to work in April 2020.

5.6   Plaintiff requested a reasonable accommodation explaining to Defendants that she needed to work from home and then she requested that she be reassigned to a position that would allow desk work or back-office work.  She further explained that interaction with the public negatively affected her disability and if she was provided this accommodation, she would be able to work and perform all the essential functions of her job.

5.7     When Plaintiff was due to return to work after her FMLA leave, she was not assigned back into a retail store (where she had worked prior to her leave) because of COVID-19 restrictions.  She was advised by Defendant that she would just "float" until in-person retail store work resumed.  While floating, Plaintiff was required to complete training, answer questions and oversee the work of her team members and attend meetings.  These are many of the essential job functions she would perform if working in person at a retail store.

5.8     Despite Plaintiff's ability to work from home, her request for that reasonable accommodation was denied.

5.9     Plaintiff's requests for reasonable accommodations to work remotely and to be reassigned were denied with no explanation given.  Defendants did not engage in an interactive process with Plaintiff to see if she could be accommodated.

5.10    At this time, there were other Assistant Managers who were allowed to work remotely.  In fact, many Assistant Managers worked remotely under Defendants' COVID-19 protocols and continued to do so even after Defendant returned some of its employees to in-person work.

5.11    Plaintiff was wrongfully accused of violating Defendants' Code of Conduct.  Plaintiff was told that she was held to a different standard even though all employees Plaintiff worked with received the same Code of Conduct handbook.

5.12    Plaintiff suffered adverse actions when she was terminated because Defendant discriminated against her as a disabled employee or its perception that she was disabled and after she exercised her rights to take FMLA leave.  Plaintiff also suffered an adverse action because of Defendants' refusal to fully engage in the interactive process and consider all options to reasonably accommodate her before her termination.

### 6.   CONDITIONS PRECEDENT

6.1   All conditions precedent to jurisdiction have occurred or been complied with.

6.2   Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

6.3   This lawsuit was filed within ninety (90) days of Plaintiff receiving her Notice of Right to Sue from the EEOC.

### 7.   CAUSES OF ACTION

#### *Disability/Perceived Disability Discrimination and Failure to Reasonably Accommodate (ADA and TCHRA)*

7.1   Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

7.2   Plaintiff was a member of a protected class as a qualified employee with a disability/perceived disability.

7.3   Plaintiff suffered from a disability/perceived disability but was still performing the essential functions of her job.

7.4   Plaintiff suffered adverse actions when she requested a reasonable accommodation, was denied without engagement in the interactive process and then was ultimately terminated after Defendant learned of her disability or perceived her as a disabled employee.

7.5   Defendant failed to engage in the interactive process and failed to reasonably accommodate Plaintiff's disability.   Plaintiff's rights were violated when she was not reasonably accommodated after making such request.

7.6     Plaintiff alleges Defendants violated the ADA and the TCHRA when Defendant took adverse actions against Plaintiff, including terminating her employment, based on her disability/perceived disability and failed to reasonably accommodate her disability.

### *Retaliation*
### *(ADA and TCHRA/Texas Labor Code)*

7.7     Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

7.8     Defendants intentionally retaliated against Plaintiff after making requests for accommodation in violation of the ADA and TCHRA.

7.9     Defendants intentionally retaliated against Plaintiff in violation of the ADA and TCHRA after complaining to Defendant's management about failure to provide a reasonable accommodation.

7.10    Defendants intentionally retaliated against Plaintiff because of her opposition to discriminatory practices (disability/perceived disability) in violation of the Texas Labor Code.

### *FMLA Retaliation & Interference*

7.11    Plaintiff incorporates by reference each of the facts and allegations set forth above as if fully set forth herein.

7.12    Plaintiff was qualified for medical leave under the FMLA.

7.13    Plaintiff invoked her right to FMLA-qualifying leave.

7.14    Plaintiff suffered an adverse action causally related to her invocation of FMLA rights when her employment was terminated.

7.15    Plaintiff was retaliated against after taking FMLA leave and/or exercising her rights under the FMLA.

7.16   Defendants took an adverse action interfering with Plaintiff's rights to take FMLA leave.

## 8.   <u>PRAYER</u>

WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

8.1.1   Award Plaintiff actual damages;

8.1.2   Order Defendant to pay Plaintiff back pay and front pay and benefits;

8.1.3   Award Plaintiff compensatory damages for mental anguish;

8.1.4   Award Plaintiff punitive damages to be determined by the trier of fact;

8.1.5   Grant Plaintiff pre-judgment and post-judgment interest;

8.1.6   Order Defendants to pay Plaintiff's costs and attorney's fees in this action; and,

8.1.7   Order and grant such other relief as is proper and just.

Respectfully Submitted,

***/s/ Jacques P. Leeds***
Jacques P. Leeds
Federal I.D. No. 2526879
State Bar No. 24092678
**LEEDS LAW FIRM, PLLC**
700 Milam Street, Suite 1300
Houston, TX 77002
Telephone: 713-492-2906
Facsimile: 832-787-1020
jacques@jleedslawfirm.com
Attorney for Plaintiff